UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00059-MR

| | |
|---|---|
| BRYAN KEITH HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | ORDER |
| ) | |
| B. SETSER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I.    BACKGROUND**

Pro se Plaintiff Bryan Keith Hall ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina. On March 16, 2022, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants B. Setser, identified as a Sergeant at Foothills Correctional Institution ("Foothills"); and B. Trivette, Samuel Poole, and Ethan Magnum, identified as a Correctional Officers at Foothills, all in their individual and official capacities. [Doc. 1].

Plaintiff alleges that, on May 14, 2020, at Foothills Minimum Custody Unit, Defendants assaulted Plaintiff while he was restrained in handcuffs. Plaintiff alleges that he was knocked unconscious during the assault and that he suffered a broken nose requiring reconstructive surgery, as well as a hematoma on his forehead, a badly bruised shoulder, and a concussion. Although not identified by Plaintiff, the Court will construe Plaintiff's claim under the Eighth Amendment.

For relief, Plaintiff seeks compensatory damages. [Id. at 5].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a

sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff states an Eighth Amendment claim against Defendants in their individual capacities.

Plaintiff's claim against Defendants in their official capacities, however, will be dismissed. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff has failed to state a claim for

relief against Defendants in their official capacities and these claims will be dismissed.

## IV. CONCLUSION

In sum, Plaintiff's excessive force claim against Defendants in their individual capacities survives initial review. Plaintiff's claim against Defendants in their official capacities does not and will be dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment excessive force claim against all Defendants in their individual capacities passes initial review.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment excessive force claim against Defendants in their official capacities is hereby **DISMISSED**.

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for all Defendants, who are alleged to be current or former employees of the North Carolina Department of Public Safety.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: April 1, 2022

Martin Reidinger
Chief United States District Judge